UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> LA PLACE'S ELECTRIC COMPANY, INC., LAPLACE ELECTRIC, INC., and HAROLD OSCAR LAPLACE, Individually and d/b/a LAPLACE ELECTRIC, <br><br> Defendants. | CAUSE NO.: 2:14-CV-244-TLS |

**OPINION AND ORDER**

This matter comes before the Court on a Motion for Entry of Judgment under Rule 54(b) [ECF No. 44] filed by Plaintiffs, Trustees of the Michiana Area Electrical Workers Pension Fund. The Defendants have not responded or otherwise opposed this Motion as of the date of this Opinion and Order.

**BACKGROUND**

The Plaintiffs moved for summary judgment [ECF No. 32] against Defendants La Place's Electric Company, Inc. (LPEC); LaPlace Electric, Inc. (LEI); and Harold Oscar LaPlace, and asked the Court to hold that each Defendant owed withdrawal liability jointly and severally to the Plaintiffs under 29 U.S.C. § 1381 of the Multiemployer Pension Plan Amendments Act of 1980 (the MPPAA). On February 15, 2017, the Court issued an Opinion and Order [ECF No. 38] granting summary judgment against Defendants LPEC and LEI, but withheld summary judgment against LaPlace. The Court reasoned that the factual record was not developed sufficiently to

determine whether LaPlace was personally liable. (Opinion and Order 10.) The Plaintiffs now move the Court to enter judgment against LPEC and LEI under Federal Rule of Civil Procedure Rule 54(b).

## DISCUSSION

### A.  Federal Rule of Civil Procedure 54(b)

The general rule in federal litigation is "one appeal per case." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Horm v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals"). Federal Rule of Civil Procedure 54(b) provides an exception to this general rule. Under Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

"Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that, unless the facts are different, the appellate court would have to go over the same ground when the judgment terminating the entire case is appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that

2

Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court.").

"If there is a great deal of factual or legal overlap between the counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain in the district court, where 'separate' means having minimal factual overlap." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924. This rule is properly "employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.*

In the instant case, the Court finds that the Plaintiffs' request complies with Rule 54(b). The Court has already found that there are no genuine issues of material fact concerning both LPEC and LEI's joint and several liability under the MPPAA, and that the Plaintiffs are entitled to judgment as a matter of law against both LPEC and LEI. The only remaining issue for the Court to determine is whether La Place is jointly and severally liable as well. This factual inquiry has no bearing on LPEC and LEI's already-determined joint and several liability. While there is a common actor across these three entities (La Place himself), the facts that may establish La Place's personal liability are separate from those which established liability for LPEC and LEI.

The Court notes that while parties often request certification under Rule 54(b) to appeal a district court's decision, the Plaintiffs here appear to seek certification for a different reason. The Plaintiffs have successfully obtained summary judgment against two jointly and severally liable defendants (LPEC and LEI), but cannot presently collect until the Court or a jury determines

whether a third defendant (La Place) is also jointly and severally liable. La Place has experienced health issues, and the Court has already vacated one trial date because of these health issues. (*See* ECF No. 42.) There does not appear to be any reason to delay an appeal by the Defendants or collection by the Plaintiffs.

**B.	Damages**

In its Opinion and Order, the Court held that Defendants LPEC and LEI are jointly and severally liable to Plaintiffs' fund for the full amount of the assessed withdrawal liability, which is $246,910.00. Delinquent withdrawal liability is treated as a delinquent contribution within the meaning of 29 U.S.C. § 1145. *See* 29 U.S.C. § 1401(d). Delinquent withdrawal liability is therefore enforceable under 29 U.S.C. § 1132. When the Court enters judgment on behalf of a plan in an action brought by a fiduciary, such as the Trustee-Plaintiffs, for or on behalf of a plan to enforce contribution obligations, "the court *shall* award the plan" unpaid contributions, interest on the unpaid contributions, double interest or liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(g)(2) (emphasis added). The "double interest" provision provides that the prevailing plan is entitled to either a second award of interest on the unpaid contributions or 20% of the unpaid contributions, whichever is greater. 29 U.S.C. § 1132(g)(2)(C)(i)–(ii). Further, the interest penalty provision applies to contributions that are unpaid at the date of suit. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001). These statutory remedies are mandatory. *See Moriarty ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 720–21 (7th Cir. 2005). In the instant case, the liquidated damages for the withdrawal liability total $49,382.00.

The Plaintiffs have submitted evidence that attorneys' fees total $20,198.75, with an additional $1,477.86 in costs. The Court has wide discretion to determine whether attorneys' fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In the Seventh Circuit, district courts must examine whether attorneys' fees represent a large multiple of the damages claimed or recovered, and also explain the claimed hourly rate. *Moriarty v. Svec*, 233 F.3d 955, 965, 968 (7th Cir. 2001). Here, attorneys' fees represent less than 10% of the withdrawal liability, a fraction of the total award rather than a multiple. Further, the Plaintiffs have submitted a detailed time schedule and affidavit to support the attorneys' fees and cost calculation. Attorney Teresa A. Massa billed at rates of $200.00 and $225.00 per hour, which is in line with rates for similar cases. *See, e.g.*, *Local 1546 Welfare Fund v. BBHM Mgmt. Co.*, No. 08-C-6133, 2011 WL 1740034, at *2 (N.D. Ill. May 5, 2011); *Misch v. Piping Techs. N., Inc.*, No. 2:06-CV-425, 2010 WL 535713, at *1 (N.D. Ind. Feb. 4, 2010). Given the Plaintiffs' highly detailed submission, the Court can make the finding that the requested fees and costs are reasonable.

## CONCLUSION

For these reasons, in accordance with Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay. Accordingly, the Court GRANTS the Motion for Entry of Judgment Under Rule 54(b) [ECF No. 44] and DIRECTS the Clerk of court to enter judgment in favor of the Trustees of the Michiana Area Electrical Workers Pension Fund and against Defendants La Place's Electric Company, Inc., and LaPlace Electric, Inc. The Trustees are awarded $246,910.00 for withdrawal liability, $49,382.00 in mandatory liquidated damages, $20,198.75 in attorney fees, and $1,477.86 in costs, for a total of $317,968.61. The Plaintiffs are

also entitled to a statutory award of interest on the $246,910.00 withdrawal liability outstanding at the time the Plaintiffs filed suit.

SO ORDERED on December 5, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT