# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND,<br>    Plaintiff,<br><br>v.<br><br>LAPLACE ELECTRIC, INC., *et al.*,<br>    Defendants. | CAUSE NO. 2:14-CV-244-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Order of Substitution Pursuant to Fed. R. Civ. P. 25(a)(1) [DE 70], filed April 9, 2018. Plaintiff requests that the Court substitute Troy D. Warner, administrator and attorney of the estate of Harold Oscar LaPlace, for Defendant Harold Oscar LaPlace, now deceased.

Defendant Harold Oscar LaPlace died on December 28, 2017. Counsel for Plaintiff represents that letters of administration were issued to Troy Warner in St. Joseph Superior Court on April 9, 2018, and that he will immediately commence acting as administrator and attorney for the Estate of Harold Oscar LaPlace.

Federal Rule of Civil Procedure 25(a) addresses substitution of a party upon death. It provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . .
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the

same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

Plaintiff represents that slightly more than 90 days have passed since it filed the suggestion of death with the Court on January 2, 2018, and request an extension of time to substitute the administrator of the estate for the deceased.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect was excusable, the

Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted); *see also Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b) . . . The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.") (quotation and quotation marks omitted).

Plaintiff argues that there was no administrator until shortly after the ninety-day time period expired, and that it filed the instant Motion as soon as the administrator was appointed. The Court

concludes that there is good cause for extending the time period, the delay was not within the reasonable control of the movant, and that no party is prejudiced by the brief delay. Accordingly, the brief extension is allowed.

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Order of Substitution Pursuant to Fed. R. Civ. P. 25(a)(1) [DE 70] and **SUBSTITUTES** Troy D. Warner, Administrator and Attorney for the Estate of Harold Oscar LaPlace, for Harold Oscar LaPlace. The Court **DIRECTS** the Clerk of Court to amend the caption to show "Troy D. Warner, Administrator and Attorney for the Estate of Harold Oscar LaPlace" as party Defendant in place of Harold Oscar LaPlace.

Because the briefing included enough information for the Court to rule on the pending motion, the Court **DENIES as moot** the request for hearing contained within the Notice of Hearing [DE 71].

SO ORDERED this 11th day of April, 2018.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record