**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

TRUSTEES OF THE MICHIANA )
AREA ELECTRICAL WORKERS )
PENSION FUND, )
 )
 Plaintiffs, )
 )
 v. ) CAUSE NO.: 2:14-CV-244-TLS
 )
LA PLACE'S ELECTRIC COMPANY, )
INC., et al., )
 )
 Defendants. )

**OPINION AND ORDER**

 This matter comes before the Court on a Motion for Summary Judgment [ECF No. 44]

filed by the Plaintiffs, the Trustees of the Michiana Area Electrical Workers Pension Fund, on

June 11, 2018. The Defendants have not responded or otherwise opposed this Motion as of the

date of this Opinion and Order.

**BACKGROUND**

 The Plaintiffs previously moved for summary judgment [ECF No. 32] against Defendants

La Place's Electric Company, Inc. (LECI); LaPlace Electric, Inc. (LEI); and Harold Oscar

LaPlace,[1] and asked the Court to hold that each Defendant owed withdrawal liability jointly and

severally to the Plaintiffs under 29 U.S.C. § 1381 of the Multiemployer Pension Plan

Amendments Act of 1980 (MPPAA). On February 15, 2017, the Court issued an Opinion and

---

[1] Harold Oscar LaPlace passed away on December 28, 2017. On April 11, 2018, the administrator of LaPlace's
Estate, Troy D. Warner, was substituted as a party for Defendant LaPlace. (*See* ECF Nos. 70, 72.)

Order [ECF No. 38] granting summary judgment against Defendants LECI and LEI, but withheld summary judgment as to Defendant LaPlace.[2]

LaPlace owned and operated LECI for 43 years as a union shop, but in 2010 LECI ceased operations due to financial difficulties. Thereafter in 2011, LaPlace established a new Indiana corporation, LEI. Like LECI, LEI was wholly owned and operated by LaPlace. Unlike LECI, LEI was a non-union shop. LaPlace used LEI to perform electrical contracting work without paying the periodic pension fund contributions to the Plaintiffs' fund that LECI was required to pay under various collective bargaining agreements and a series of participation agreements. On these and additional facts non-germane to the present analysis, the Court found that LECI was liable to the Plaintiffs for withdrawal liability and that LEI was jointly and severally liable because both entities were involved in the same trade or business and were under the same common control. However, the Court reasoned that the factual record was not developed sufficiently to determine whether LaPlace was personally liable. (Opinion & Order 10.)

The Plaintiffs now present additional evidence to establish that LaPlace was personally liable. This evidence shows that:

- LaPlace was the sole owner of LEI;

- His wife, Branda LaPlace, performed data entry work for LEI and also mailed bills on LEI's behalf;

- Brenda claimed to have no ownership interest in LEI, that she was not employed by LEI, and that she did not receive wages or a salary from LEI;

- Despite this, LaPlace would write checks from LEI's account for Brenda's personal spending;

---

[2] The Opinion and Order [ECF No. 38] also describes the relevant background that formed the basis for withdrawal liability of LEI and LECI.

- LaPlace's son, Gene "Bud" LaPlace, was paid $30 per hour for 40 hours per week, regardless of how many hours he actually worked;

- LEI's business office was in one of LaPlace's bedrooms at his Indiana home;

- LEI paid for electric, utilities, and trash collection at the Indiana home, with no attempt to limit payment for the one room actually used by LEI;

- Brenda used her own van to drive LaPlace around for business, and never tracked the mileage, but then received reimbursements from LEI for gas;

- LEI reimbursed gas expenses for both personal and business purposes for both Brenda and Bud;

- LEI would pay for the mortgage on the Indiana home and deduct the payment as a rent expense on tax returns;

- LEI also deducted thousands of dollars in auto, truck, and electric expenses;

- LEI paid thousands of dollars in rent to B&L Leasing, a company owned by Brenda that owns a non-functioning bucket truck, to use a non-functioning bucket truck;

- Despite not entertaining clients or providing meals to customers or employees for business purposes, LEI deducted expenses for grocery stores and restaurants made by Brenda;

- LEI paid for Brenda's XM radio in her car;

- LEI also provided Brenda with a $2,000 payment in December 2016 for Christmas gifts for her grandchildren.

The Plaintiffs assert that under these facts, LaPlace is also jointly and severally liable for the withdrawal liability as a matter of law, and moves for summary judgment

**LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

**DISCUSSION**

The Plaintiffs argues that LaPlace may be held personally liable for the withdrawal liability under two different theories. First, they argue that he is an individual engaged in an

unincorporated "trade of business" within the meaning of the MPPAA. Second, they assert that LaPlace is liable under corporate veil-piercing. The Court finds that the facts of this case are more relevant to the corporate veil-piercing theory, and, as such, the Court focuses its analysis there.

"Since ERISA has no special rules regarding shareholder liability, the Seventh Circuit has determined that state law controls the issue." *Chi. Dist. Council of Carpenters Pension Fund v. Sunshine Carpet Servs., Inc.*, 866 F. Supp. 1113, 1118 (N.D. Ill. 1994) (citations omitted). In this case, the Court applies Indiana law. "As a general rule, Indiana courts are reluctant to disregard corporate identity and do so only to protect third parties from fraud or injustice when transacting business with a corporate entity." *Longhi v. Mazzoni*, 914 N.E.2d 834, 838–39 (Ind. Ct. App. 2009) (citations omitted). "The party seeking to pierce the corporate veil bears the burden of proving that the corporation is merely the instrumentality of another and that misuse of the corporate form constitutes a fraud or promotes injustice." *Id.* at 839 (citations omitted). This analysis is a "highly fact-sensitive inquiry." *Id.* Indiana courts look for evidence showing the following when conducting this analysis:

> (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

*Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). The list of factor is non-exhaustive, and not all factors must be shown to pierce the corporate veil. *See D.S.I. v. Natare Corp.*, 742 N.E.2d 15, 27 (Ind. Ct. App. 2000).

In this case, factors (4) through (8) weigh heavily in favor of piercing the corporate veil. LEI paid LaPlace's mortgage payments and then deducted the payments as rental expenses. LEI

paid for all electric and garbage service bills for the Indiana home, despite only using one room in the home. LEI paid for several non-business expenses for LaPlace, Brenda, and Bud, including groceries, gas, satellite radio, restaurant meals, and phone service. LEI leased a bucket truck, which was located at the Indiana home, from Brenda's company, B&L Leasing, for thousands of dollars over several years despite little evidence that the bucket truck was ever used. Brenda also received $2,000 for Christmas gifts for family members from LEI in December 2016. LaPlace, as sole owner of LEI, clearly used corporate funds for his own personal and familial benefits. The Plaintiffs have demonstrated that, as a matter of law, LaPlace did not respect the corporate form and promoted an injustice on the Plaintiffs, and therefore is personally liable for LEI's withdrawal liability.

## CONCLUSION

For these reasons, the Court GRANTS the Motion for Summary Judgment [ECF No. 79] and DIRECTS the Clerk of Court to enter judgment in favor of the Trustees of the Michiana Area Electrical Workers Pension Fund and against Troy D. Warner, Administrator for the Estate of Oscar Harold LaPlace. Accordingly, the Estate, La Place's Electric Company, Inc., and LaPlace Electric, Inc., owe withdrawal liability jointly and severally to the Plaintiffs in the amount of $317,968.61. The Clerk is DIRECTED to close this case.

SO ORDERED on August 10, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION